UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV129-3-W
(3:04CR257-W)

| | |
|---|---|
| MARGARET CATHERINE SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, filed on March 24, 2008, (Document No. 1.) For the reasons stated herein, the Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

The record reveals that Petitioner was indicted by the Grand Jury in a multi-count indictment by the Grand Jury on September 29, 2004 with multiple counts of fraud and identity theft. On March 24, 2005, Petitioner plead, pursuant to a Plea Agreement, to Counts One, Two, Ten, Eighteen and Twenty of the Indictment.[1] Magistrate Judge Carl Horn III conducted a Plea and Rule 11 hearing and accepted Petitioner's plea after finding that the plea was knowingly and voluntarily made and

---

[1] Count One charged Petition with conspiracy to defraud the United States in violation of 18 U.S.C. § 371; in Count Two Petitioner was charged with making, uttering and possessing counterfeit securities in violation of 18 U.S.C. § 513A; in Count Ten Petitioner was charged with fraud with identification documents in violation of 18 U.S.C. § 1028; in Count Eighteen Petitioner was charged with using and trafficking in counterfeit credit cards, in violation of 18 U.S.C. § 1029(a)(1); and in Count Twenty Petitioner was charged with bank fraud in violation of 18 U.S.C. § 1344.

1

that Petitioner understood the charges, potential penalties and consequences of his plea. (See Entry and Acceptance of Guilty Plea Form.) On April 12, 2007, the undersigned affirmed Magistrate Judge Horn's acceptance of the Petitioner's plea and sentenced Petitioner to 72 months imprisonment.[2] (See Judgment.) Petitioner did not file an appeal in the Fourth Circuit Court of Appeals. Instead, Petitioner filed the instant Motion to Vacate alleging that the Court and the Government refused to give her the three level reduction for acceptance of responsibility promised in her plea agreement, her criminal history points may have double counted and her attorney was ineffective for failing to discuss these issues with her.

## II. ANALYSIS

**A.     INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the Petitioner is not entitled to any relief on her claims.

**B.     ACCEPTANCE OF RESPONSIBILITY AND CRIMINAL HISTORY POINTS**

Petitioner claims that the Court and the Government did not give her a downward departure

---

[2] Counts Three, Seven, Nine, Thirteen. Fourteen, Sixteen, Nineteen, and Twenty-two were dismissed on the Government's motion at Sentencing.

for acceptance of responsibility even though the plea agreement provided for such a departure. Petitioner also contends that her criminal history points "may have been double counted." (Motion to Vacate at 6.)

First, Petitioner did not raise these issues on appeal to the Fourth Circuit Court of Appeals. A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts. United States v. Landrum, 93 F.3d 122, 124 (4th Cir. 1996). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621-22 (1998) In order to obtain review despite procedural default, Petitioner must demonstrate either "cause" and "prejudice" or actual innocence. Id. at 622. "[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492 (1986); see also, Turner v. Jabe, 58 F. 3d 924, 927 (4th Cir. 1995). To establish prejudice, Petitioner must show "not merely that the errors in his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982); see also, Hunt v. Nuth, 57 F. 3d 1327, 1340 (4th Cir. 1995). By way of explanation for not raising these issues on appeal, Petitioner contends that she was not fully aware of these issues until after she received a copy of the Judgment from her attorney. Unfortunately, this excuse does not satisfy the high burden of establishing cause and prejudice in order to obtain review without having raised the issues previously on appeal.[3] Accordingly, Petitioner's failure to raise these claims on direct review has resulted in the claims being procedurally defaulted. Id.

Next, even if the claims had not been procedurally defaulted, Petitioner waived her right to

---

[3] Petitioner does not argue that she is actually innocent.

assert these claims in her Plea Agreement. Petitioner's Plea Agreement specifically sets forth that Petitioner waived her right to challenge her sentence or conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. ( Plea Agreement ¶ 21.) At her Rule 11 hearing, Petitioner swore under oath[4] that, among other things, she understood that she was waiving her right to challenge her sentence or conviction in a post-conviction proceeding. (See Entry and Acceptance of Guilty Plea Form ¶25.) The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[5] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement her rights under § 2255 to attack her conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). Consequently, inasmuch as the Petitioner has not alleged or suggested that her Plea Agreement somehow is invalid, this Court concludes that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge her conviction and sentence on the grounds raised in her Motion to Vacate.

Finally, even if the claims had not been procedurally defaulted and waived pursuant to the Plea Agreement, the claims have no merit. Petitioner's first claim that she was denied a downward

---

[4] In accordance with the law, this Court has placed great weight on the Petitioner's representations at her Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[5] See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

departure for acceptance of responsibility even though such departure was agreed upon in the Plea Agreement is without merit because the Plea Agreement also provides that Petitioner must be in compliance with all the terms of the Plea Agreement in order for the Government to recommend the departure for acceptance of responsibility (Plea Agreement ¶¶ 7f and g.) Petitioner was not in compliance with all the other terms of the Plea Agreement because Petitioner had violated the terms of her pretrial release several times [6] (Plea Agreement ¶ 24f.) Once Petitioner violated the terms of her pretrial release, the Government was freed of any obligations it had pursuant to the Plea Agreement (Plea Agreement ¶ 26.) Therefore, Petitioner's claim that the Court and the Government did not give her a downward departure for acceptance of responsibility even though the Plea Agreement provided for such a departure is without merit and also procedurally barred and waived pursuant to the terms of the plea agreement.

Petitioner's claim that her criminal history points "may have been double counted and irrelevant behavior should be disregarded." (Motion to Vacate at 6), is without merit because it is conclusory A petitioner "must present more than naked allegations" to survive dismissal. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1992). Here, Petitioner offers no support for her claim and does not even indicate which criminal history points may have been double counted or what irrelevant behavior was considered. Petitioner's claim is therefore dismissed and is also procedurally barred and waived pursuant to the plea agreement.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

With respect to claims of ineffective assistance of counsel, a petitioner must show that

---

[6] See Government Motion to Revoke Order of Release and for Detention (Doc. No. 60); PSR ¶¶ 9-12; and Sentencing Transcript at 17-30.

counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted).

Petitioner claims that her attorney was ineffective for failing to discuss with her the Government's withdrawal of a three level reduction for acceptance of responsibility and that her criminal history may have been double counted. First, Petitioner does not argue that but for counsel's alleged errors, she would not have pled guilty and would have insisted on going to trial. Therefore, Petitioner's claims against counsel fail for this reason as Petitioner has not established the prejudice prong of the Strickland test. Hooper, 845 F.2d at 475. Moreover, as discussed above, Petitioner's claims are without merit; therefore Petitioner cannot demonstrate that her counsel was deficient for failing to discuss these issues with her.[7] As such, Petitioner cannot satisfy the first prong of the Strickland test. Petitioner has not satisfied either prong of the Strickland test and her ineffective assistance of counsel claim is therefore denied and dismissed.

---

[7] The Court notes that Petitioner's counsel was a strong advocate on her behalf and strongly objected to the Government's withdrawal of three points for acceptance of responsibility. (See Sentencing Transcript 19, 27-31.)

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is denied and dismissed.

**SO ORDERED**.

Signed: April 9, 2008

Frank D. Whitney
United States District Judge